UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. JACKSON,<br>        Petitioner,<br>   v.<br>SCOTT KERNAN,<br>        Respondent. | Case No. 16-cv-04822-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 2 |

Habeas petitioner Arthur D. Jackson, a state prisoner, seeks federal relief from a prison disciplinary decision. A petition for writ of habeas corpus is no longer a possible method by which to obtain such relief, however. Now, the federal relief he seeks can be obtained only through a civil rights action brought under 42 U.S.C. § 1983. *Nettles v. Grounds*, No. 12-16935, 2016 WL 4072465, at *6 (9th Cir. July 26, 2016) (en banc) (claims regarding prison disciplinary decisions are not within "the core of habeas corpus" and now must be brought under section 1983, "if at all").

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although a court may construe a habeas petition as a civil rights action, it is not required to do so, and there have been significant changes in the law since *Wilwording* was decided that would be adverse to Jackson if I did so. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400. Under the Prison Litigation Reform Act, a prisoner is required to pay it, even if granted *in forma pauperis* ("IFP") status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have

to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

An additional consideration militates against this Court construing the petition as a section 1983 suit. The petition does not name a defendant against whom the section 1983 claims could properly be asserted. *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). It names Scott Kernan,[1] the Secretary of the California Department of Corrections and Rehabilitation, not the officer(s) who allegedly deprived Jackson of his constitutional rights. The potentially proper defendant(s) would appear to be the prison officers directly involved in the disciplinary proceeding.

In view of the potential pitfalls for Jackson if the Court were to construe the petition as a civil rights complaint, and the failure to name proper defendants, I will DISMISS this action without prejudice to his filing a section 1983 action if he so chooses.

Jackson's application to proceed IFP (Docket No. 2) is GRANTED.

The Clerk shall terminate Docket No. 2, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 3, 2016



WILLIAM H. ORRICK
United States District Judge

---

[1] Kernan would not be the proper respondent in a habeas action, either. Ronald Davis, warden of the prison in which Jackson is housed, is the proper respondent as he is the custodian having day-to-day control over the petitioner, the only person who can produce the "body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).